IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARINA KARAKOZOVA, Ph.D.,

    Plaintiff(s),                                          09cv0458

                                                         **ELECTRONICALLY FILED**

    v.

UNIVERSITY OF PITTSBURGH,

    Defendant(s).

### Order of Court Denying Motions for Reconsideration (Doc. Nos. 66 and 68)

The latest motions pending before this Court are plaintiff's "motion for reconsideration of the time frame for pursuing administrative remedies available for plaintiff in memorandum order," (doc. no. 66) and plaintiff's "motion for reconsideration of decision to pursue administrative remedies available for plaintiff through the defendant's grievance appeal." (doc. no. 68).

On June 11, 2009, this Court granted plaintiff's motion for emergency relief in this *sui generis* case and compelled defendant to continue plaintiff's employment for a period of 90 days (to avoid her immediate deportation) while directing her to promptly pursued her administrative remedies and advanced her efforts to locate new employment.

During this time, the Court has reminded plaintiff on at least two occasions of her obligation to continue the administrative process and to seek new employment. (See text order of 6/29/09, and Doc. No. 42). In the six (6) weeks since this Court issued its decision granting her motion for temporary relief, plaintiff has filed approximately 19 documents before this Court seeking clarification, reconsideration and even advisory opinions on numerous issues relating to the Court's prior order temporarily granting her motion for emergency relief. Among those

filings, plaintiff has also regularly submitted "notice[s] of plaintiff's opinion" (see e.g. doc. nos. 50, 62, 63, 65), documenting numerous perceived issues at the University lab and assorted unrelated problems of which she wishes to make the Court aware.

Instead of continuing her efforts to advance the administrative process and to pursue new employment, plaintiff's actions (through her filings to date) do not demonstrate that she has made any attempt to comply with the Court's instructions, and rather has instead engaged in a protracted effort to contest the content of the Court's Order granting her temporary relief (see doc. nos. 48, 49, 66, 67, 68, 69).

Without submitting any credible evidence to support her claims, plaintiff is now essentially seeking a back door extension of the Court's 90 day stay of her employment, and she is seeking reconsideration of the Court's order requiring her to pursue her administrative remedies (namely, the Grievance Appeal through the University).

The Court denies plaintiff's motions for reconsideration (doc. nos. 66 and 68). Furthermore, as to doc. no. 66, by Order of July 2, 2009, the Court set forth a clear process and time line by which she should seek an extension of her 90 day stay.  Plaintiff was ordered to file any such request for extension with supporting brief by August 21, 2009, with response from defendant by August 31, 2009.  (Doc. No. 59). The Court rules that her request contained in her motion for reconsideration is premature, and the relief she requests is not warranted under the circumstances because she has submitted no credible evidence of her efforts to seek new employment or to advance the administrative process (including the University Grievance Appeal process of which she seeks relief from the Court) (see doc. no. 68).  Rather, her efforts to date

evidence the opposite.[1]

          SO ORDERED this 28th day of July, 2009.

          s/Arthur J. Schwab
          Arthur J. Schwab
          United States District Judge


cc:  All Registered ECF Counsel and Parties

---

[1] Again, the Court encourages plaintiff to seek new employment and to advance the administrative process in a timely manner.