IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARINA KARAKOZOVA, Ph.D.,

    Plaintiff(s),                          09cv0458

                                            **ELECTRONICALLY FILED**

    v.

UNIVERSITY OF PITTSBURGH,

    Defendant(s).

**Order Denying Motion to Strike (doc. no. 89) and Motion for Reconsideration (doc. no. 90)**

The Court hereby denies plaintiff's motion to strike the third affidavit of Yong Tae Kwon (doc. no. 89), and the Court hereby denies what the Court construes as a motion for reconsideration (document termed "motion for extension of time to answer and hold memorandum order dated September 8, 2009") (doc. no. 90).

As to the motion to strike the third affidavit of Yong Tae Kwon (doc. no. 89), the mere fact that plaintiff does not agree with the facts set forth in the affidavit of affiant Kwon, does not justify the remedy requested by plaintiff (that the Court strike his affidavit and find him in contempt of Court). While plaintiff is entitled to disagree with the assertions of the affiant, the Court will not strike the affidavit of this individual "as written in bad faith,"(see doc. no. 89 at p. 9)[1], because the affidavit was submitted in compliance with Rule 43(c) of the Federal Rules of

---

[1] See also, doc. no. 94 (plaintiff's reply in opposition to defendant's response to plaintiff's motion to strike third affidavit of Yong Tae Kwon), which reply plaintiff has filed, as has been her practice throughout these proceedings, without first seeking leave of court to do so. (See Section II, Paragraph B of Practices and Procedures of Judge Arthur J. Schwab stating "The parties must seek leave of Court to file reply and sur-reply briefs and will be limited to five (5) pages if leave is granted."). The Court has, nonetheless, considered the content of plaintiff's reply, but will not do so in future filings, unless plaintiff first seeks leave of Court in compliance with this Court's Practices and Procedures.

Civil Procedure.

To the extent plaintiff requests reconsideration of the Memorandum Order (doc. no. 88) denying her motion to extend time for pursuing administrative remedies, said motion (doc. no. 90) is denied.  The purpose of a motion for reconsideration under Fed. R. Civ. P. 59(e) is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Plaintiff has submitted no newly discovered evidence, nor has she demonstrated any manifest errors of law or of fact in the Memorandum Order denying her Motion to Extend Time for pursuing administrative remedies.  In fact, the Court notes that it granted her request to provide additional documents and affidavits in support of her motion for reconsideration until September 14, 2009, and plaintiff has failed to provide any further documentation to support her motion for reconsideration.

SO ORDERED this 18th day of September, 2009.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All Registered ECF Counsel and Parties