IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARINA KARAKOZOVA, Ph.D.,

    Plaintiff(s),                             09cv0458

                                              **ELECTRONICALLY FILED**

    v.

UNIVERSITY OF PITTSBURGH,

    Defendant(s).

### Order Denying Motion for Reconsideration of Memorandum Order Dated September 8, 2009

Currently pending before this Court is plaintiff's Motion for Reconsideration of Memorandum Order Dated September 8, 2009 (doc. no. 97)[1]. By Order of September 18, 2009 (doc. no. 95), this Court denied plaintiff's last motion essentially seeking reconsideration of the Order denying her motion to extend time for pursuing administrative remedies (doc. no. 90). As rehearsed therein, the purpose of a motion for reconsideration under Fed. R. Civ. P. 59(e) is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinterous*, 176, F.3d 669, 677 (3d Cir. 1999). At the time the Court issued its prior rulings on what it construed as a motion for reconsideration, plaintiff had been given until September 14, 2009 to provide additional documents and affidavits in support of her motion for reconsideration, and as of September 18, 2009, the date on which the Order denying her motion for reconsideration was filed, plaintiff had failed to avail herself of the opportunity to do so, and she did not file a motion to extend time within which to respond. Plaintiff now seeks reconsideration again, and now attaches documents allegedly in support of

---

[1] The Court received the original motion and brief by mail on September 21, 2009.

her position.  Nonetheless, the Court will again deny plaintiff's motion for reconsideration because plaintiff has failed to show that the original Memorandum Order dated September 8, 2009, contained errors of law or fact, or that there is newly discovered evidence which would warrant a reexamination of the Memorandum Order of September 8, 2009.  Plaintiff's Motion for Reconsideration (doc. no. 97) is therefore DENIED.[2]

                                              SO ORDERED this 22nd day of September, 2009.

                                              s/Arthur J. Schwab
                                              Arthur J. Schwab
                                              United States District Judge

cc:      All Registered ECF Counsel and Parties

---

[2]To the extent that plaintiff now argues that this Court has not given her adequate time to respond to motions and the like, the Court notes that this case has been made a priority on this Court's docket, at plaintiff's request and given that plaintiff has sought "emergency relief" (doc. no. 1).  In other words, the tempo of this case has been set in large part by the nature of the relief requested by plaintiff herself.  A perusal of the docket in this case evidences that the Court has given plaintiff ample opportunity to state and support her positions, and any allegation to the contrary is not supported by the record.