IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARINA KARAKOZOVA, Ph.D.,

      Plaintiff(s),                09cv0458

                                                **ELECTRONICALLY FILED**

  v.

UNIVERSITY OF PITTSBURGH,

      Defendant(s).

## Order Granting Renewed Motion to Dismiss the Amended Complaint (doc. no. 100)

### I.    Introduction/Procedural History

Currently pending before this Court is defendant, University of Pittsburgh's ("University") renewed motion to dismiss the amended complaint because of plaintiff's failure to exhaust her administrative remedies (doc. no. 100). *Pro se* plaintiff, Marina Karakozonva, Ph.D., initiated this employment discrimination action on April 17, 2009, alleging that defendant failed to renew her employment contract on the basis of her national origin (Russian), and in retaliation for failing an administrative complaint of discrimination against her prior employer. At the filing of the suit, plaintiff had not exhausted her administrative remedies. Nonetheless, due to the sensitive nature of timing issues surrounding her potential immediate deportation if her request for emergency relief was not granted, by Memorandum Order of June 11, 2009 (doc. no. 42), the Court granted her request for emergency relief in this unique case, and compelled defendant to continue her employment for a period of 90 days after the expiration of her employment contract while she promptly pursued her administrative remedies, including the University grievance process. The Court then set a briefing schedule for a continuation of the emergency relief, as well as a status conference for September 10, 2009 (doc. nos. 43 and 59).

Consistent with the briefing schedule, on August 21, 2009, plaintiff then motioned the Court and requested that the Court continue the relief she requested, that is, that she continue to be employed by defendant while she pursued her administrative remedies (doc. no. 78).

By Memorandum Order dated September 8, 2009, the Court denied plaintiff's motion to extend time to pursue her administrative remedies to the extent it required defendant to continue her employment while she pursued such administrative remedies (doc. no. 88).  The Court found that on the current record, plaintiff had not shown a reasonable likelihood of success on the merits, and therefore, a continuation of the temporary relief previously ordered by the Court was unwarranted.  Furthermore, the Court found that plaintiff did not show that a balancing of the equities weighed in favor of continuing to require the University to pay plaintiff as an employee, where the University presented evidence of a dramatic reduction in funding for the laboratory in which she worked.  By Memorandum Order of September 8, 2009, the Court therefore terminated plaintiff's motion for emergency relief as of September 10, 2009 at noon.

On May 14, 2009, defendant filed its first motion to dismiss plaintiff's amended complaint on the basis that she failed to exhaust her administrative remedies (doc. no. 3), and by Order of June 11, 2009, the Court denied said motion "at this time."  (doc. no. 42, fn 7).  On September 23, 2009, defendant filed the instant renewed motion to dismiss the amended complaint for failing to exhaust her administrative remedies.  On October 10, 2009, plaintiff filed her response thereto (doc. nos. 102-103).[1]  And, on October 19, 2009, acting upon a motion by plaintiff to file a supplemental response to the motion to dismiss, this Court granted said motion

---

[1]By text order of September 28, 2009, the Court previously set a date for reply by defendant of October 17, 2009.  Defendant, however, has filed no reply, and therefore, the Court will consider only the motion, response and "supplemental brief in opposition" thereto.

and afforded plaintiff another opportunity to respond to the motion to dismiss by October 26, 2009 (See Text Order of October 19, 2009).  On October 28, 2009 (two days after the filing deadline), plaintiff filed her supplemental brief in opposition to the motion to dismiss (doc. no. 105).

## II.    Standard of Review[2]

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged.  *Marangos v. Swett*, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12.  The plausibility standard in *Iqbal* "asks for more than a sheer

---

[2]A motion to dismiss a Title VII claim on the basis that an employee failed to exhaust his or her administrative remedies will be examined under the rule governing motions to dismiss for failure to state a claim under Fed. R. Civ. Pr. 12(b)(6).  *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997).

possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*.  While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth.  *Swett*, quoting *Iqbal*, at *13.  "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'"  *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951.

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party.  *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008)(citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).  However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997).  A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations.  *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory.  *See Wilkerson v. New Media Tech. Charter Sch.,*

4

Inc., 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008)(citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

## III.    Discussion

While accepting the allegations of the amended complaint as true, plaintiff has specifically averred her failure to exhaust administrative remedies (doc. no. 3-2,  ¶¶ 5, 24 and 27).  Indeed, an exhibit attached to her complaint offers further evidence that her administrative charges remain pending before the administrative agencies[3] (doc. no. 1, ex. d).

"It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).  The language of Title VII requires as a prerequisite to filing a lawsuit in federal court for employment discrimination to first file an administrative charge of discrimination with the EEOC or a similar administrative agency.  42 U.S.C. § 2000e-5(e)(1). The United States Court of Appeals for the Third Circuit, in *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996), set forth the purpose of the exhaustion requirement is to permit the administrative

---

[3]Her claim is pending before the Equal Employment Opportunity Commission (E.E.O.C), as well as the City of Pittsburgh Commission on Human Relations, although in her supplemental brief in opposition to the motion to dismiss, she appears to now argue that she has exhausted her administrative remedies prior to filing suit (doc. no. 105 at 2).

agency processing the charge to attempt to resolve the dispute through conference, conciliation, settlement, and persuasion, and to avoid unnecessary litigation.

Although plaintiff seeks to simultaneously litigate before this Court, as well as the administrative agencies, her failure to exhaust her administrative remedies is fatal to her Title VII action at this time.  *Joyner v. School Dist. of Phila*, 313 F.Supp.2d 495, 500 (E.D. Pa. 2004); *Zuzulewicz v. Port Authority of Allegh. Cty*., 290 F.Supp.2d 583, 591 (W.D. Pa. 2003).  Contrary to the assertions of plaintiff, the Court further does not find that under the circumstances of this case, it would be more efficient, equitable or serve the "interest of justice," to allow plaintiff to simultaneously pursue her administrative remedies and her claims before this Court.  (doc. no. 103 at p. 4).  Accordingly, for these reasons, defendant's renewed motion to dismiss the amended complaint (doc. no. 100) is HEREBY GRANTED without prejudice.  The Clerk shall mark this case administratively closed.[4]

SO ORDERED this 29th day of October, 2009.

s/Arthur J. Schwab _____
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel and Parties

_____

[4]Although plaintiff filed a response to the motion to dismiss as well as a brief in opposition to the motion totally approximately 9 pages in length, she cited certain undocumented health conditions, and asked this Court to "excuse her temporary disability," for failing to collect and "provide all possible arguments to the Court. . . ."  Doc. No. 102 at 3.  The Court has considered her arguments, which in the Court's view are exhaustive.  Further, the Court has allowed plaintiff another opportunity to file a supplemental response in opposition to the motion to dismiss, which the Court has reviewed, and considered (doc. no. 105), despite the fact that it was filed out of time.  In the interests of justice, and in fairness to *both* parties, the Court will not delay ruling on said motion any further and will not permit any further briefing from either party.