IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARINA KARAKOZOVA, Ph.D.,

    Plaintiff(s),

v.

UNIVERSITY OF PITTSBURGH,

    Defendant(s).

09cv0458
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION GRANTING**
**DEFENDANT'S MOTION FOR SANCTIONS (DOC. NO. 153)**

### I. Introduction

*Pro se* plaintiff, Marina Karakozova, Ph.D., initiated this employment discrimination action alleging that defendant failed to renew her employment contract on the basis of her national origin (Russian), and in retaliation for filing an administrative complaint of discrimination against her prior employer. See Complaint, doc. no. 1. Simultaneously, plaintiff filed an Emergency Motion for Temporary Relief to Obligate Defendant to Continue her Employment. Doc. no. 2.

As of the date plaintiff initiated this lawsuit, she had failed to exhaust her administrative remedies. Nonetheless, due to the sensitive nature of the timing issues surrounding her potential immediate deportation if her Emergency Motion for Temporary Relief was not granted, by Order dated June 11, 2009 (doc. no. 42), the Court granted her request for emergency relief in this unique case, and took the unusual and extraordinary action of compelling defendant to continue her employment for a period of ninety (90) days after the expiration of her employment contract while she promptly pursued her administrative remedies, including the University grievance process.

On September 23, 2009 after the 90-day period had run, defendant renewed its Motion to

Dismiss the Amended Complaint (doc. no. 100). This Court granted the motion, finding plaintiff had still failed to exhaust her administrative remedies, and closed the case. Doc. no. 106. The matter was reopened upon plaintiff's motion and over defendant's objection, less than three months later. See text order dated 1/21/2010. Since reopening the matter, plaintiff filed her [Second] Amended Complaint (doc no. 112) which defendant answered (doc. no. 113) and discovery began.

Presently before the Court is defendant's Motion for Sanctions, which is the most recent Motion submitted by one of the parties during the course of discovery. Doc. no 153. On September 1, 2010, plaintiff was ordered to respond to this Motion for Sanctions by noon on September 14, 2010, and did not do so. Instead, she filed a Motion for Extension of Time to Respond to the Motion For Sanctions, which this Court granted. See doc. nos. 155 and 156. In her Motion for Extension Time to Respond to the Motion for Sanctions, plaintiff noted that the Court's Practices and Procedures usually afforded a party fourteen (14) days to respond to such a motion, and further noted that Fed.R.Civ.P. 6(d) would give her three (3) additional days to file a response because the Order requiring her to respond was sent to her via regular mail. See doc. no. 155 at p. 1. For the reasons set forth in greater detail herein, this Court will grant defendant's Motion for Sanctions and dismiss plaintiff's case.

## II. Background

The parties are familiar with this case and having written numerous opinions in this matter, the Court will merely recap the pertinent background relating to the defendant's Motion for Sanctions.

On March 25, 2010, defendant served its First Set of Interrogatories and First Request for Production of Documents (hereinafter collectively referred to as "discovery requests") on plaintiff.

Doc. no. 154, p. 1. On April 28, 2010, defendant received a letter from plaintiff indicating that she did not respond to the discovery requests within the thirty (30) day time frame required under F.R.Civ.P. 33 and 34, because defendant failed to provide her with the requisite number of copies as required by LRCvP 33(C). Doc. no. 139. After defendant provided the requisite number of copies, the parties agreed that plaintiff would respond to the discovery requests by June 3, 2010. Id. Plaintiff responded to defendant's discovery requests in an incomplete fashion on June 3, 2010. See doc. nos. 139-4, 139-5, and 139-6.

On July 2, 2010, plaintiff filed two Motions: one requesting this Court recuse itself and one seeking a stay of the proceedings. Doc Nos. 133-134. On July 14, 2010, defendant responded to plaintiff's Motions for Recusal and for Stay, and simultaneously filed a Motion to Compel full and complete responses to its discovery requests. Doc no. 139.

On July 15, 2010, this Court denied plaintiff's Motion to Recuse and denied as moot her Motion to Stay the proceedings in this case. Doc no. 142. After denying the plaintiff's Motions, this Court ordered plaintiff to file a Response to defendant's Motion to Compel full and complete responses to its discovery requests. Plaintiff filed her Response to the Motion to Compel on July 27, 2010. Doc. no. 144. On July 29, 2010, this Court granted defendant's Motion to Compel and ordered that plaintiff prepare and submit full and complete responses to defendant's discovery requests by August 11, 2010. Doc. no. 145.[1]

On August 2, 2010, plaintiff appealed this Court's decision denying her Motion to Recuse and her Motion to Stay these proceedings. See the United States Court of Appeals for the Third

---

1 Due to the August 11, 2010 deadline imposed on plaintiff to respond to defendant's discovery requests, this Court granted defendant's Motion to Extend Discovery. See doc. no. 146, and text order entered on August 2, 2010.

Circuit, docket no. 10-3318. Plaintiff filed a Motion to Stay the District Court Proceedings on August 30, 2010. Id. The United States Court for the Third Circuit has not, as of the date of this writing, granted plaintiff's Motion to Stay these District Court proceedings, and has not ruled on the substance of her appeal. Id.

On August 31, 2010, defendant filed the instant Motion for Sanctions and Brief in Support. Doc. nos. 153-154. The exhibits attached to the Brief in Support of the Motion for Sanctions illustrate that as of August 18, 2010 plaintiff had not complied with this Court's Order requiring her to fully respond to defendant's discovery requests. See doc. no. 154-1 (Exhibit A). In addition, defendant attached an email dated August 25, 2010, from plaintiff to defendant's counsel on the evening prior to her scheduled deposition indicating that she would not appear and attend her deposition the next day. See doc. no. 154-4 (Exhibit B).[2]

On September 1, 2010, this Court ordered plaintiff to respond to the Motion for Sanctions by noon on September 14, 2010. See text order dated September 1, 2010. Instead of responding to the Motion for Sanctions on September 14, 2010, plaintiff filed a Motion for an Extension of Time to file her Response to the Motion for Sanctions, arguing that pursuant to this Court's Practices and Procedures and Fed.R.Civ.P. 6(d) she was entitled to more time to respond.

This Court granted her request for additional time, and on September 22, 2010, she filed a substantive Response to the Motion for Sanctions.

---

2 Plaintiff's email indicates that she could not adequately prepare herself for the deposition because she was preparing her Motion to Stay the District Court proceedings which she intended to (and did) file with the Court of Appeals. Id.

4

### III. Standard of Review

As explicitly noted in this Court's Order granting defendant's Motion to Compel a complete response to its discovery requests (see doc. no. 145), Rule 37 of the Federal Rule of Civil Procedure states in pertinent part:

(b) Failure to Comply with a Court Order.

* * *

(2) Sanctions in the District Where the Action Is Pending.

> (A) <u>For Not Obeying a Discovery Order</u>. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient party; or
>>
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

In addition to the above, Rule 37(b)(2) also states:

> (B) <u>For Not Producing a Person for Examination</u>. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.
>
> (C) <u>Payment of Expenses</u>. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

## IV. Analysis

Recently, the United States Court of Appeals for the Third Circuit affirmed a decision dismissing a matter filed by a *pro se* litigant, as a sanction imposed due to the *pro* se litigant's failure to comply with an order compelling discovery. In <u>Shahin v. Delaware</u>, the Court of Appeals noted:

> Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action should a party fail to obey an order to provide or permit discovery. *See* Fed.R.Civ.P. 37(b)(2)(A). In assessing the propriety of such an action, we have stated that
>
>> we will be guided by the manner in which the trial court balanced the following factors, which have been enumerated in the earlier cases, and whether the record supports its findings: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.
>
> <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir.1984). As we have previously observed, the balancing of these factors is not a mechanical exercise; "not all of the <u>Poulis</u> factors need be satisfied in order to dismiss a complaint." <u>Mindek</u> [<u>v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir.1992)]. On appeal, we afford the District Court's decision "great deference" in view of the fact that,

> unlike us, the District Court has had direct contact with the litigants and is intimately familiar with the disruptions and difficulties caused by the behavior that led to the punitive dismissal. Id.

Shahin v. Delaware, 345 Fed.Appx. 815, 816-817, (3d Cir. 2009).

### 1. The Party's Personal Responsibility

Applying the Poulis factors to the instant matter, the Court begins with "the extent of the party's personal responsibility." Because plaintiff is *pro se,* she is responsible for her own compliance with this Court's Orders and the Federal Rules of Civil Procedure. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir.2008) (A *pro se* plaintiff is personally responsible for the progress of his case and complying with a court's orders.) Although courts are encouraged to be more lenient when a litigant proceeds *pro se,* (see Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaints to less stringent standards than complaints by attorneys)), courts should not allow *pro se* litigants to disregard court orders and perpetually delay trial proceedings. See Wallace v. Graphic Mgmt. Associates, 197 Fed. Appx. 138, 140 (3d Cir.2006) (affirming dismissal when *pro se* plaintiff consistently ignored court orders to produce personal notes and failed to appear at hearings and status conference).

Plaintiff in this case has exhibited extraordinary ability to coordinate her own case strategy in this employment action. As examples of her capabilities, this Court notes the following:

- Starting with the very first filings in this matter, plaintiff simultaneously filed a Complaint and Motion for Temporary Relief to prevent her deportation from this country. Doc. nos. 1-2.
- During the course of litigation, she has been able to file cogent Motions for Extensions of Time (*i.e.,* doc. no. 19), Motions to Strike (*i.e.* doc. nos. 32, 33, 89), Responses to various Motions, including Motions to Dismiss (*i.e.* doc. nos. 27, 28, 102), Briefs in Support of her

7

various Motions (*i.e.* 67, 69, 79, 96), and Briefs in Opposition to defendant's position (*i.e.* 103, 105).

- In addition, plaintiff initially refused to timely respond to defendant's discovery requests, claiming they had failed to comply with the local rules of civil procedure when they failed to provide three sets of hard copies of the discovery requests.

- Plaintiff also filed various Motions asking this Court to reconsider some of its Orders, and even filed a Motion to Recuse and to Stay these Proceedings. After the Motion to Recuse and Stay Proceedings was denied, plaintiff filed an interlocutory appeal with the Court of Appeals for the Third Circuit.

- As noted above, on September 1, 2010, plaintiff was ordered to respond to this Motion for Sanctions by noon on September 14, 2010, and did not do so. Instead, she filed a Motion for Extension of Time to Respond to the Motion For Sanctions, which this Court granted. See doc. nos. 155 and 156. In her Motion for Extension Time to Respond to the Motion for Sanctions, plaintiff noted that this Court's Practices and Procedures usually afforded a party 14 days to respond to such a motion, and Fed.R.Civ.P. 6(d) would give her three (3) additional days to file a response since the Order requiring her to respond was sent to her via regular mail. See doc. no. 155 at p. 1. She therefore concluded that she was entitled to additional time, and this Court agreed, granting her request for same.

- Thus, throughout this litigation, plaintiff has been able to read, comprehend, and apply both the Local Rules and the Federal Rules of Civil Procedure (and even this Court's Practices and Procedures) to steer her case in an appropriate manner in spite of her *pro se* status. Accordingly, this Court finds that even when afforded a certain amount of leniency given her

*pro se* status, she has been fully cognizant of the Rules and this Court's various Orders and their respective implications. Her disregard for the Court's prior Order dated July 29, 2010, granting defendant's Motion to Compel appears to serve solely to perpetually delay trial proceedings.

### 2. Prejudice to the Adversary

Next, this Court finds the prejudice to the defendant caused by plaintiff's failure to comply with the July 29, 2010 Order and thereby provide meaningful responses to defendant's discovery requests, bears substantial weight in support of dismissal. See <u>Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 873-74 (3d Cir.1994) (evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment). Defendant has noted that it has tried to obtain complete responses to its written discovery requests for months so that it could conduct a meaningful deposition of plaintiff. After cancelling the deposition twice due to plaintiff's failure to fully respond the written discovery requests, defendant sought and obtained a Court Order compelling plaintiff to provide complete responses. When plaintiff failed to comply with this July 29, 2010 Court Order, defendant scheduled her deposition and hired a court report and a translator. On the eve of her deposition, plaintiff notified defendant via email that she would not attend her deposition the next day.

Defendant has suffered prejudice due to plaintiff's continual delay of proceedings, her disregard for the Court's Order, and her failure to attend her deposition. Plaintiff brought this lawsuit and needs to prosecute it so that defendant can prepare a responsive and meaningful defense. Due to disregard for the Court's July 29, 2010 Order, she has wasted defendant's time, causing it to incur expenses and has also wasted this Court's time with her flagrant disobedience requiring this Court to

9

address her shortfall. Plaintiff's *pro se* status is of no moment especially in light of the fact that she understands what a Motion to Stay these proceedings can do for her – if and when it is granted. To date, such a Motion has not been granted – not by this Court nor by the Court of Appeals – and therefore, her obligation to respond to discovery, in accordance with the Rules and especially upon Court's July 29, 2010 Order, continues.

> **3.    History of Dilatoriness**
> **4.    Conduct was Willful or in Bad Faith**

**A. Plaintiff's Failure to Appear at PCHR Deposition**

In addition to the above examples of plaintiff's dilatory behavior[3], this Court notes that plaintiff avoided attending a deposition before the Pennsylvania Commission on Human Relations (PCHR). After this Court instructed plaintiff to exhaust her administrative remedies, and provided plaintiff the extraordinary relief of a 90-day extension to do so, the PCHR noticed the "Investigative Deposition" of plaintiff for August 31, 2009. Plaintiff failed to attend said Investigative Deposition, despite having notice of such (see doc. no. 83-6, exhibit I). Counsel for defendant was present at said deposition.

Furthermore, according to defendant, the investigator for the PCHR, Jillane McKinley, testified on the record in plaintiff's absence, to the efforts she made to accommodate plaintiff's scheduling requests[4] and to obtain an interpreter. The actual transcribed record was later submitted, via supplement, by defendant. See doc. no. 91. The transcript indicates that Ms. McKinley sent a

---

3 As noted in the preceding subsection, there exists a definite history of dilatoriness insofar as plaintiff has avoided submitting full and complete responses to defendant's discovery requests since April of 2010.

4 See also, plaintiff's explanation/letters setting forth conditions regarding the "use" of the Investigative Deposition, and her alleged medical excuse for failure to attend said deposition. Doc. No. 87. Notably plaintiff attached a doctor's note indicating she had been seen in the doctor's office on August 31, 2009 and was permitted to return to

10

notice of the deposition to plaintiff on August 19, 2009, and the morning of the deposition (August 31, 2009), plaintiff's husband called and said that plaintiff would not show up due to a stomachache and headache. Doc. no. 91-1, p. 4. Ms. McKinley also noted for the record that plaintiff had used the same excuse for not appearing at an earlier scheduled deposition with the PCHR in May of 2009. Doc. no. 91-1 p. 4.

### B. Additional Examples of Dilatory Behavior

As this Court has noted above, plaintiff, although *pro se*, is quite adept at navigating the waters of litigation utilizing the Local and Federal Rules of Civil Procedure. For example, she obtained additional time to respond to defendant's discovery requests by demanding that defendant strictly adhere to the Local Rules concerning the number of hard copies it had to provide to her. She has avoided fully and completely answering these discovery requests for several months not only by utilizing the Rules of Civil Procedure, but by filing additional, often superfluous motions including one which sought this Court's recusal. When this Court does not rule in her favor, plaintiff has exhibited her ability to file interlocutory appeals to the Court of Appeals for the Third Circuit. Given her exhibited prowess at manipulating this docket since its inception, given her obvious refusal to respond fully and completely to defendant's discovery requests, and given her complete refusal to subject herself to deposition by the PCHR and defendant, this Court finds that plaintiff has exhibited dilatory behavior.

### C. Willfulness of Plaintiff's Conduct

Moreover, this Court finds that given plaintiff's strategic legal maneuvering beginning with her manipulation of the administrative proceedings before the PCHR and continuing to the present so

---

work on September 1, 2009.

as to include her filing of a Motion to Recuse, a Motion Stay the Proceedings – and upon this Court's denial of those requests, her filing an appeal of those decisions – has not only further delayed her responses, but clearly indicates her willful manner and/or her actions taken in bad faith.

Objectively, her conduct cannot be viewed as negligent or inadvertent in light of the fact that she had to take affirmative steps to file the Motion for Recusal and to Stay Proceedings and she also had to file an appeal upon this Court's denial of those motions. In addition, the record and docket are replete with other deadlines she has willingly met, as well as those deadlines to which she has held defendant – albeit when those deadlines suited her purposes and strategy. Her affirmative actions have led to, and caused delay of, the prosecution of this case.

Finally, this Court specifically warned plaintiff in its July 29, 2010 Order that dismissal was a distinct possibility under Fed.R.Civ.P. 37 if she did not provide complete and full responses as required by that Order. See doc. no. 145. In spite of that warning, plaintiff chose not comply and provide full and complete responses. Even though no warning is required, a warning was given to plaintiff making her disregard of the July 29, 2010 Order all the more flagrant.

    **5.**    **Alternative Sanctions**

As noted in Huertas v. U.S. Dept. of Education:

> When considering dismissal as a sanction, a court should consider the availability of alternative sanctions. Briscoe, 538 F.3d at 262 (citing Poulis, 747 F.2d at 869). When a plaintiff is proceeding *pro se*, and moreover, *in forma pauperis,* monetary sanctions are inappropriate as an effective alternative. Id.; Emerson [v. Thiel Coll., 296 F.3d 184, 191 (3d Cir.2002)]. Alternative sanctions for failure to comply with discovery are offered in Federal Rule of Civil Procedure 37(b)(2). A court can direct "that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; prohibit[ ] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; strik[e] pleadings in whole or in part; stay [ ] further proceedings until the order is obeyed; render[ ] a

default judgment against the disobedient party; or treat[ ] as contempt of court the failure to obey any order." Fed.R.Civ.P. 37(b)(2)(i)-(vii).

Huertas, Slip Copy, 2010 WL 2771767 (D.N.J., July 12, 2010).

Here, monetary sanctions seem to be improper and would be ineffective. As noted by defendant in its brief, the defendant has been put to inordinate expense in this case, and has little hope that plaintiff could pay sanctions of any value sufficient to offset the defendant's costs outlaid thus far. Moreover, as noted above, this Court specifically warned plaintiff in its July 29, 2010 Order that dismissal was a possibility under Fed.R.Civ.P. 37 if she did not provide complete and full responses as required by that Order.

In addition to the monetary sanction option, none of the other alternative sanction options under Fed.R.Civ.P. 37, (such as directing that the matters embraced in the Order or other designated facts be taken as established for purposes of the action; prohibiting the plaintiff from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; or staying further proceedings until the order is obeyed) are available in this case. Plaintiff here has repeatedly failed to prosecute her case by filing superfluous motions and disregarding the Court's Orders that do not interest her. Outside of a dismissal of this action, this Court cannot envision a more appropriate sanction.

### 6. Meritoriousness of Claim or Defenses

Generally, Courts use the standard for a Rule 12(b)(6) Motion to decide if a claim is meritorious. Briscoe, 538 F.3d at 263. A claim or defense will be considered meritorious if the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or constitute a complete defense. Briscoe, 538 F.3d at 263; Poulis, 747 F.2d at 869-70. In Briscoe, the

District Court found that the plaintiff's claims had some merit because they cleared the summary judgment phase and were sufficient to proceed to trial. 538 F.3d at 263. Conversely, where a plaintiff raises a facially meritorious claim but the defendant raises a *prima facie* defense, the meritoriousness factor may not weigh in the plaintiff's favor and may be considered neutral. Emerson, 296 F.3d at 191.

Here, plaintiff has alleged certain civil employment rights violations, which, if established at trial, could entitle plaintiff to relief. However, as noted above, not all of the six Poulis factors need be satisfied for the Court to dismiss an action with prejudice. Mindek, 964 F.2d at 1373.

## V. Conclusion

In this case, the Court has considered all of the factors to determine that dismissal with prejudice is appropriate. Plaintiff's blatant disregard for the Court's July 29, 2010 Order with a warning that dismissal was possible, alone warrant dismissal. Because Plaintiff is proceeding *pro se*, she bears personal responsibility in her failure to obey Court Orders and to comply with the Rules of Civil Procedure governing discovery. Defendant has been prejudiced by plaintiff's inaction in responding to the Court's Order to comply with discovery as well as by plaintiff's actions taken to prolong this litigation and avoid discovery. Defendant has invested time and money responding to these frivolous filings, preparing for proceedings, and scheduling and paying a court reporter and translator for plaintiff's scheduled deposition. Plaintiff's continuous disregard to comply with discovery and her seeming strategy to avoid it implies intentional and willful conduct, and not merely negligence or inadvertence. Alternative sanctions are not appropriate because plaintiff is proceeding *pro se* and no other sanction appears to be more appropriate than dismissal. Finally, although some of Plaintiff's claims may have merit, not all of the Poulis factors need be satisfied for dismissal to be

14

proper. Five factors favor dismissal, and therefore, dismissal is appropriate. "The district courts cannot, and should not, tolerate unjustifiable delays and the expenditure of irreplaceable judicial resources caused by litigants, *pro se* or represented, who will not obey court orders." Mindek, 964 F.2d at 1375.

For the foregoing reasons, defendant's Motion for Sanctions is granted, and plaintiff's case is dismissed. An appropriate Order follows.

                                          s/ Arthur J. Schwab
                                          Arthur J. Schwab
                                          United States District Judge

cc:     All Registered ECF Counsel and Parties

Marina V. Karakozova
320 South Mathilda Street Apt 6
Pittsburgh, PA 15224